The **UNITED STATES** of America, Plaintiff,

on relation of George A. **SCHARMER,** Relator,

v.

**CARROLLTON MANUFACTURING COMPANY et al., Defendants.**

No. C70–349.

United States District Court, N. D. Ohio, E. D.

Jan. 8, 1974.

Albert L. Ely, Jr., Ely, Golrick & Flynn, Cleveland, Ohio, and George H. Mortimer, New York City, for plaintiff.

Bernard J. Cantor, Cullen, Settle, Sloman & Cantor, Detroit, Mich., and Bennett Yanowitz, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, for defendants Brass-Craft Mfg. Co. and Bennett Yanowitz.

William T. Allmon, Carrollton, Ohio, for defendant, Cummings Bank.

Alan P. Buchmann, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant Union Commerce Bank.

## MEMORANDUM and ORDER

BEN C. GREEN, District Judge:

This lawsuit arises from activities of a now defunct corporation, Carrollton Manufacturing Company. The substitute complaint alleges that in 1958 Carrollton, which was then in the business of manufacturing and selling stainless steel sinks:

> . . . published a catalogue No. 858 for use in advertising said Carlton Carlrim Stainless Steel Sinks and included in said catalogue a drawing of a section through the rim of a sink and a countertop with the claim "(PAT. PENDING)" when no application for a patent on a sink having the structure in the catalogue had been made or was pending, for the purpose of deceiving the public.

It is further alleged that:

> Shortly after February 23, 1960 when patent No. 2,925,609 was granted to

defendant CARROLLTON, defendant CARROLLTON published catalogues, price lists and other advertisements of its Carlton Carlrim Stainless Steel Sinks and marked upon, or fixed to, or used in advertising in connection with said sinks the word "patent" and number 2,925,609 when, in fact, said stainless steel sinks did not come within the coverage of said patent, for the purpose of deceiving the public.

As to the defendants other than Carrollton (being Union Commerce Bank, Cummings Bank, Bennett Yanowitz and Brass-Craft Manufacturing Company) the substitute complaint alleges, on information and belief, that the said parties have acquired title to and sold:

. . . sinks manufactured and falsely marked by defendant Carrollton Manufacturing Company, knowing the same to be falsely marked, for the purpose of deceiving the public.

It is alleged that the conduct of the various defendants is in violation of 35 U.S.C. § 292.

All defendants other than Carrollton, which is not represented in this action, have moved for summary judgment. That motion is based upon the arguments that there was no false patent marking and/or that there was no patent marking "for the purpose of deceiving the public." In support of that motion defendants have submitted an affidavit of Mr. George N. Shampo, as a patent expert, wherein an analysis is made of the Carrollton advertising material and the patent alleged to have been falsely relied upon. Defendants also rely upon admissions alleged to have been made by plaintiff in the course of his deposition, and an excerpt from a deposition of Carrollton's former patent counsel.

There are very few reported cases dealing with the subject of 35 U.S.C. § 292. There is, however, an excellent recent opinion by Chief Judge John R. Brown of the Fifth Circuit Court of Appeals, Brose v. Sears Roebuck and Company, 455 F.2d 763 (1972). Therein Judge Brown makes clear the criteria that apply in this case:

First, it must be established that from an operational mechanical sense the patent does not cover the kit [device in question]. . . . Second, the differences are so plain that no one in good faith could think otherwise. It is at this point that the law—perhaps out of distaste for blood money suits—compels a positive showing. For here not only are objective physical facts involved. Here are questions of motive, purpose and attitudes. *Id.*, at p. 768.

Plaintiff concedes that nine of ten elements of the allegedly falsely marked Carrollton sinks are within the claims of Patent No. 2,925,609. Plaintiff contends however, that there is an issue as to whether a particular clip and hook arrangement utilized on the sink is within the patent. It is that aspect of the sink which plaintiff contends rendered the use of Patent No. 2,925,609 false markings.

■ The Court has reviewed the patent in question, the advertising material regarding the sinks sold as being covered thereunder, the affidavit of Mr. Shampo and the plaintiff's deposition. Based on all of the foregoing, the Court has concluded that the moving defendants are entitled to the entry of judgment in their favor. In the Court's opinion, the record conclusively establishes that these moving defendants could not be held liable under 35 U.S.C. § 292. It cannot be said that there was such a plain difference between the clip and hook arrangement utilized in the sinks and the claims of Patent No. 2,925,609 that no one in good faith could believe that the patent read on the sinks.

■ One of plaintiff's major points in opposing the motion for summary judgment is that in prosecuting another patent application subsequent to the issuance of Patent No. 2,925,609, Carrollton's counsel made representations to the Patent Office contrary to the present argument that the sinks in question are properly marked under Patent No. 2,925,609. There are several flaws in that position. Most important is that the con-

trolling standard regarding false marking is not whether the patent incontrovertably covers the product, but whether it reads on the product so that a person could hold an honest belief that it applied. The record also reflects that Carrollton's patent counsel had advised the company to utilize the patent marking, which would tend to blunt the contention that the company itself was perpetrating a conscious fraud. Finally, these moving defendants were not privy to the Patent Office proceedings and are not bound by any admissions against interest by Carrollton. If Carrollton had, in fact, adopted contradictory positions these parties would be entitled to argue the validity of either position.

The motion of defendants Union Commerce Bank, Cummings Bank, Bennett Yanowitz and Brass-Craft Manufacturing Company for summary judgment dismissing plaintiff's complaint against them is granted.

It is so ordered.